UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>   vs.<br><br>TRAVIS SPOTTED WOLF,<br><br>           Defendant. | 5:21-CR-50176-CCT<br><br><br>**ORDER GRANTING MOTION<br>TO REDUCE SENTENCE** |

Defendant, Travis Spotted Wolf, filed a motion, under 18 U.S.C. § 3582(c)(2), requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 61. Plaintiff, the United States of America, agrees that Spotted Wolf's motion should be granted. Docket 63 at 2-3.  For the following reasons, Spotted Wolf's motion for a sentence reduction is granted.

### DISCUSSION

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a … resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826, 827.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to

whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. See U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

The Guidelines themselves define "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A) (2011); U.S.S.G., app. C., amend. 759 (2011).

On August 29, 2022, the court sentenced Spotted Wolf to 72 months in prison for possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Docket 52. Spotted Wolf obtained 2 "status points" for committing the instant offense while under a criminal justice sentence. Docket 47 at ¶ 46. Spotted Wolf's Guideline range, based on a total

offense level of 19 and a Criminal History Category of VI, was 63 to 78 months in custody. Docket 47 at ¶ 80; USSG §5G1.1(c)(2).

On April 24, 2025, Spotted Wolf filed a motion requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions under 18 U.S.C. § 3582(c)(2). Docket 61 at 1. Spotted Wolf believes he qualifies under Amendment 821, Part A, which modified U.S.S.G. 4A1.1(e) to eliminate the two criminal history "status points" previously applied for committing a federal offense while under a criminal justice sentence. *Id.* at 2. He requests a sentence term of 65 months' custody. *Id.* at 4-5.

## I.    U.S.S.G. § 4A1.1(e)

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). The amended provision states:

> Add one point if the defendant (1) receives 7 or more points under subsections [§ 4A1.1(a)] through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). The Commission decreed that this change applies retroactively. See § 1B1.10(e)(2) (Nov. 1, 2023).

Spotted Wolf meets the criteria under amended U.S.S.G. § 4A1.1(e) for a reduction. With that reduction, Spotted Wolf receives one "status point," which gives him a total of 12 criminal history points, resulting in him being in

Criminal History Category V, with an advisory guideline range of 57 to 71 months in custody.

The United States agrees that Spotted Wolf is eligible for a sentence reduction and does not object to Spotted Wolf's request that his sentence be reduced to 65 months' custody. Docket 63 at 2-3.

After considering all the § 33553(a) factors, and the parties' agreement that reducing the sentence to 65 months is an appropriate reduction in sentence, the court finds the appropriate sentence to be 65 months in custody and grants Spotted Wolf's motion.

## CONCLUSION

It is ORDERED that Spotted Wolf's motion (Docket 61) is GRANTED. Probation is directed to prepare an amended Judgment that reflects a sentence of 65 months in custody.

Dated May 27, 2025.

BY THE COURT:


/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE